**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CORNELIU CURUTA,**

    **Plaintiff,**

v.                                                                         Case No.  8:08-cv-1772-T-23TBM

**UNITED STATES DEPARTMENT
OF JUSTICE, CIVIL RIGHTS DIVISION,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on the *pro se* Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. 2), which the court construes as a motion to proceed *in forma pauperis.*  Upon review of the affidavit, the court is unable to determine whether Plaintiff possesses the resources necessary to pay the filing fee for this action. However, because I find that the Complaint fails to state a claim upon which relief can be granted, I recommend that the court dismiss this action.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 127 S. Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The factual allegations set forth in the complaint must be

sufficient to raise a right to relief above the speculative level on the assumption that all the allegations are true. *Id.*

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d 737, 740 (11th Cir. 1987)) or the "plaintiff's realistic chances of ultimate success are slight." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).

A district court's authority to dismiss a complaint as frivolous under § 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure. *Sun*, 939 F.2d at 925 (citing *Menendez*, 817 F.2d at 739-40). However, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiff appears to bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Without additional factual allegations, Plaintiff seeks an Order directing the U.S. Department of Justice, Civil Rights Division, to "release twenty-two pages of responsive documents."[1] (Doc. 1). Attached to the Complaint is an undated letter addressed to Plaintiff from Nelson D. Hermilla, Chief of the Freedom of Information/Privacy Acts Branch, Civil Rights Division, U.S. Department of Justice. According Mr. Hermilla, Plaintiff's request for access to an additional twenty-two pages of responsive documents was denied because the documents sought were exempt from disclosure under FOIA, 5 U.S.C. §§ 552(b)(7)(C), (b)(5).[2] (Doc. 1 at 2). Mr. Hermilla advised Plaintiff that:

> Should you wish to appeal my decision with respect to the documents denied, you may do so by writing, within sixty days, to: the Co-Directors, Office of Information and

---

[1] Upon receipt of a FOIA request, a federal agency has 20 days to determine whether to comply with the request and shall immediately notify the person making the request of its determination and the reasons therefor, as well as the right to appeal to the head of the agency any adverse determination. Additionally, the federal agency must decide any appeal within 20 days of receiving the appeal. 5 U.S.C. § 552(a)(6)(A)(i)-(ii). If the agency does not respond to a request for records within the statutory time frame, the person requesting the records is generally deemed to have exhausted administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

[2] The pertinent provisions of the statute provide:
\*\*\*
(b) This section does not apply to matters that are--
\*\*\*
(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;
\*\*\*
(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . .(C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ...

3

> Privacy, United States Department of Justice, Flag Bldg,
> Suite 570, Washington, D.C. 20530. The envelope should be
> marked "FOI/PA Appeal." Following review by the
> Department, judicial review of the decision of the Attorney
> General is available in the United States District Court in the
> judicial district in which you reside, in which you have your
> principal place of business, or in the District of Columbia.

(Doc. 1 at 3). As indicated in the letter, exhaustion of administrative remedies is generally a prerequisite to judicial review of an administrative action. *See Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979).[3] A person requesting documents under FOIA must exhaust administrative remedies before seeking judicial review. *Taylor v. Appleton*, 30 F.3d 1365, 1370 (11th Cir. 1994); *Voinche v. Fed. Bureau of Investigation*, 999 F.2d 962, 963 (5th Cir. 1993). "Exhaustion of administrative remedies in a FOIA case is treated as an element of a FOIA claim, which, as with all elements of any claim, must be proved by the plaintiff in order to prevail." *Bruzon v. Drug Enforcement Agency*, No. 07-1393 (EGS), __ F. Supp. 2d __, 2008 WL 4181740, *2 (D. D.C. 2008); *see also Taylor*, 30 F.3d at 1368 n.3 (recognizing that failure to exhaust is properly dismissed under Rule 12(b)(6), not Rule 12(b)(1)).

Here, because Plaintiff does not allege in his Complaint that he appealed the U.S. Department of Justice's withholding of the twenty-two records, he fails to establish that he has exhausted his administrative remedies. Consequently, Plaintiff's Complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Even though the court construes the Complaint liberally in Plaintiff's favor, Plaintiff's action should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3]In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

For these reasons, I recommend that the court DISMISS the Complaint (Doc. 1) and DENY without prejudice Plaintiff's application to proceed *in forma pauperis* (Doc. 2).  It is further recommended that the court direct the Plaintiff to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty days of the court's Order, failing which may result in a dismissal of the action without further notice.

        Respectfully submitted on this
        18th day of September 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable Steven D. Merryday, United States District Judge
Pro se Plaintiff